Andrew M. Wagley, WSBA #50007
ETTER, MᶜMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 W. Riverside Avenue, Suite 210
Spokane, WA  99201
Phone: (509) 747-9100
Email: awagley@ettermcmahon.com

Stewart D. Cables, *Pro Hac Vice*
HASSAN + CABLES
1035 Pearl Street, Suite 200
Boulder, CO 80302
Phone: (303) 249-9994 Ext. 2
Email: stewart@hassancables.com

*Attorneys for Defendants John Wesley Owens and Fulfillment Solutions & More, LLC*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>JOHN WESLEY OWENS, and<br>FULFILLMENT SOLUTIONS &<br>MORE, LLC,<br><br>Defendants. | No. 2:24-CR-140-TOR-1, 4<br><br>**REPLY IN SUPPORT OF MOTION TO CONTINUE AND DECLARE CASE COMPLEX**<br><br>Motion Hearing:<br>   October 29, 2025 at 9:00 am<br>   Spokane, WA |

Defendants John Wesley Owens and Fulfillment Solutions & More, LLC, by and through their attorneys of record, hereby submit the following Reply in

Reply in Support of Motion to Continue
and Declare Case Complex—Page 1

ETTER, MᶜMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

Support of Motion to Continue and Declare Case Complex. This Reply is also joined by Defendants Joshua Wesley Owens and Diesel Truck Products, Inc.

Defendants seek a continuance of the currently scheduled Trial Date, as well as the associated Pretrial Deadlines, in order to effectively prepare and as discovery in this matter is ongoing. To date, the Government has disclosed 12 discovery productions consisting of over 1,000,000 pages of documents and 1.4 terabytes (TB) of data, including two productions (September 29, 2025 and October 7, 2025) after Defendants' Motion to Continue was filed. These recent productions include over 650 "records" and thousands of pages of documents.

The most egregious of the Government's discovery violations include the disclosure of Expert Witnesses on September 23, 2025, approximately one week before Defendants' Pretrial Motions were originally due. (*See* ECF No. 152; ECF No. 153.) In the Response to the Motion to Compel, the Government feigns that it "complied with [the] Court's scheduling order regarding the disclosure of expert witness lists, which is not due until seven days prior to trial." (ECF No. 164 at 9.) Clearly, the Court's deadline for filing and serving Exhibit Lists and Expert Witness Lists is not the same as the Government's obligations for Expert Witness Disclosure pursuant to Fed. R. Crim. P. 16 and LCrR 16. If the Government does not have to disclose Experts until seven days

Reply in Support of Motion to Continue
and Declare Case Complex—Page 2

ETTER, M<sup>c</sup>MAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

before Trial, the Court's deadline to file *Daubert* Motions well in advance of the Pretrial Conference would be meaningless. (*See* ECF No. 138 at 3.)

Pursuant to LCrR 16, the Government was required to produce "expert witness opinions" at "arraignment or within fourteen (14) days thereafter." LCrR 16(a)(1). Pursuant to Fed. R. Crim. P. 16, the time for the Government's disclosure "must be sufficiently before trial to provide a fair opportunity for the defendant to meet the Government's evidence." Fed. R. Crim. P. 16(a)(1)(G)(ii). The rationale behind this rule is "to minimize surprise that often results from unexpected expert testimony, reduce the need for continuances, and to provide the opponent with a fair opportunity to test the merit of the expert's testimony through focused cross-examination." Fed, R. Crim. P. 16, *1993 Amendment Advisory Committee Notes*. Another purpose for this rule is that "requiring notice of the expert's qualifications which in turn will permit the requesting party to determine whether in fact the witness is an expert within the definition of Federal Rule of Evidence 702." *Id*. The Government's tardy Expert Disclosure prevents Defendants from adequately being prepared for trial.

The Government also argues that it "produced discovery to Defendant on November 20, 2024, which comprised the vast majority of discovery produced in this matter to date (10,630 records of the 13,073 records produced to date)."

Reply in Support of Motion to Continue
and Declare Case Complex—Page 3

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

(ECF No. 165 at 2.)  This is incorrect; the bulk of the Government's discovery production to date involves 1.14 TB worth of unorganized, uncategorized, and unindexed data from several devices which were seized on November 28, 2023. To date, the Government has not produced *Brady* material from these devices, or indexed and categorized them in preparation for trial.

Even if the Government's self-serving statement related to producing the "vast majority" of discovery to the defense is accurate, full discovery is necessary to preserve a criminal defendant's rights to present a defense, confront accusers and witnesses, and have adequately prepared counsel.  U.S. Const. amend. VI.  Additionally, pursuant to Fed. R. Crim. P. 16:

> [B]road discovery contributes to the fair and efficient administration of criminal justice by providing the defendant with enough information to make an informed decision as to plea; by minimizing the undesirable effect of surprise at the trial; and by otherwise contributing to an accurate determination of the issue of guilt or innocence.

Fed. R. Crim. P. 16, *1974 Amendment Advisory Committee Notes*.  As indicated by the Ninth Circuit "it behooves the government to interpret the disclosure requirement broadly and turn over whatever evidence it has pertaining to the case."  *United States v. Soto-Zuniga*, 837 F.3d 992, 1003 (9th Cir. 2016).  As such, the Government's "substantial compliance" argument is misguided.

Reply in Support of Motion to Continue
and Declare Case Complex—Page 4

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201    (509) 747-9100

Next, the Government argues that it previously agreed to continuances for discovery purposes and the Motion to Compel "followed months of silence from the Defendants on the supposed discovery issues." (ECF No. 165 at 3.) As indicated fully in the Reply in Support of the Motion to Compel, Defense Counsel sent the Government a detailed letter on August 8, 2025 explaining the discovery deficiencies (again), as well as discussed discovery issues with the Government on September 17 and September 24, 2025. Defendants did not "sit on their hands" for months—as though the Defense is somehow obligated to actively participate in the Government's discovery process— but rather gave the Government multiple opportunities to cure the discovery deficiencies.

Finally, the Government argues that "[t]he circumstances of this case have not changed since the Court denied Defendants' first request to consider this case complex." (ECF No. 165 at 3.) Since the Court originally denied the request to declare the case complex (on April 2, 2025), the Government has produced voluminous discovery (including 1.14 TB of data) and Expert Witness Disclosures relating to complex, technical analysis of emissions-related vehicle parts. Additionally, the Court initially denied the request to declare the case based upon "another matter currently before the Court involving nearly the same facts and charges. *See United States v. Ryan Milliken*; 2:24-CR-00057-TOR."

Reply in Support of Motion to Continue
and Declare Case Complex—Page 5

ETTER, M<sup>c</sup>MAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

(ECF No. 131 at 3.)

First, *United States v. Milliken* did not involve the smuggling component of the current prosecution and resolved via plea agreement, without substantial motion practice or a trial.  Second, *United States v. Milliken* involved the sale of a "couple dozen" alleged defeat devices.  In this matter, there are hundreds of SKUs for thousands of individual automotive parts which allegedly constitute defeat devices in violation of the Clean Air Act.  To prove its case beyond any reasonable doubt, the Government must present documentary evidence and expert testimony related to such parts, and extensive evidence related to the function of Selective Catalyst Reduction (SCR) systems, Diesel Particulate Filter (DPF) systems, Diesel Oxidation Catalyst (DOC) systems, Exhaust Gas Recirculation (EGR) systems, Crankcase Ventilation (CCV) systems, and other emissions related components.  It is difficult to imagine a criminal prosecution more worth of a "complex" designation than the instant matter.

Based upon the current status of discovery and the nature of this prosecution, a continuance is warranted to avoid a miscarriage of justice and allow counsel the reasonable time necessary for effective preparation.  *See* 18 U.S.C. § 3161(h)(7)(B)(i), (iv).  As such, Defendants respectfully request the Court grant their Motion to Continue and Declare Case Complex.

Reply in Support of Motion to Continue
and Declare Case Complex—Page 6

ETTER, M<sup>c</sup>MAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

RESPECTFULLY SUBMITTED this 10th day of October, 2025.

| | |
|---|---|
| HASSAN + CABLES | ETTER, McMAHON, LAMBERSON, VAN WERT & ORESKOVICH, P.C. |
| By: /s/ Stewart D. Cables<br>Stewart D. Cables, *Pro Hac Vice*<br>*Attorney for Defendant* | By: /s/ Andrew M. Wagley<br>Andrew M. Wagley, WSBA #50007<br>*Attorney for Defendant* |

Reply in Support of Motion to Continue
and Declare Case Complex—Page 7

ETTER, M<sup>c</sup>MAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

# CERTIFICATE OF SERVICE

I hereby certify that on the date indicated below, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to all of the attorneys that have appeared in this case and have registered with the CM/ECF System.

EXECUTED this 10th day of October, 2025 in Spokane, WA.

By: /s/ Andrew M. Wagley
     Andrew M. Wagley

Reply in Support of Motion to Continue and Declare Case Complex—Page 8

ETTER, McMAHON, LAMBERSON, VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100